■ In the Matter of ALLAN MITCHELL, Appellant, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents-Respondents. [601 NYS2d 613] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about January 17, 1992, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination terminating petitioner's probationary employment, and dismissed the petition, unanimously affirmed, without costs.

A probationary employee may be terminated without a hearing and without reasons being given, absent bad faith, which it is the employee's burden to show (see, Kroboth v Sexton, 160 AD2d 126, 129). Petitioner fails to meet that burden here. The record shows that after agreeing to probation in settlement of various charges involving violations of time and leave rules, petitioner then committed three more such violations and a fourth violation involving a display of disrespect to a superior and disobedience of a direct order. That the third time and leave violation occurred only the day before petitioner entered into the Employee Assistance Program for alcohol treatment is insufficient to show that the decision to terminate was not made in good faith on the basis of petitioner's conduct prior to entering into the Program (compare, supra). Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.