■ In the Matter of ANTONIO CASTRO, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [737 NYS2d 82] —Order, Supreme Court, New York County (Ronald Zweibel, J.), entered January 12, 2001, which granted respondents' cross motion to dismiss petitioner's application to annul respondents' determination terminating petitioner's employment as a police officer, unanimously affirmed, without costs.

The fact that petitioner was terminated after the Medical Board had found him unfit for duty and recommended him for an ordinary disability pension, and immediately before criminal charges pending against him in Vermont were dismissed, does not suffice to show that the termination was undertaken in bad faith with a view toward frustrating petitioner's pension application. Petitioner after all had two prior suspensions and was arrested twice while on a dismissal probation that was agreed to well before the Medical Board's recommendation (*cf., Matter of Mitchell v Sielaff*, 196 AD2d 692). While petitioner makes much of the fact that respondents did not terminate him immediately after his first arrest, which occurred before the Medical Board's recommendation, he ignores that the dismissal probation, although agreed to by the Department, had not yet been approved by the Commissioner, and that respondents did immediately suspend him after that arrest (*compare, Matter of Bellman v McGuire*, 140 AD2d 262, 266). Petitioner was also immediately suspended after his second arrest, and his subsequent termination followed in reasonably short order.

It does not avail petitioner that the criminal charges against him were dismissed the day after his termination, where the conduct underlying the criminal charges reflect poorly on the Department and there is no evidence that respondents knew that the charges were about to be dismissed. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.