HAROLD E. COYNE, Plaintiff, *v.* CHARLES J. O'CONNOR, Defendant.

Supreme Court, Special Term, Nassau County, April 20, 1953.

*Abraham L. Regen* and *Abraham Kantor* for defendant.

*Thomas L. Zimmerman* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General* of the State of New York (*Bernard Jeffrey* of counsel), *amicus curiæ.*

PETTE, J. In this action for libel, based on defendant's letter to the Industrial Commissioner of the State of New York, the defendant moves for summary judgment.

It appears that the plaintiff formerly worked for the defendant and was discharged. In connection with his application to the commissioner for unemployment benefits, the defendant was required to disclose the reason for the discharge. This he did in the letter complained of.

The defendant was not a free agent in making this disclosure. Regulation No. 28, adopted by the commissioner under the authority conferred by section 530 of the Labor Law, required him to respond to the commissioner's request within four days. (3 N. Y. Official Compilation of Codes, Rules & Regulations, pp. 907–908.) This is further implemented by section 1275 of the Penal Law which provides criminal penalties for failure to comply. The importance of this compulsory feature was pointed out by the Court of Appeals in *Andrews* v. *Gardiner* (224 N. Y. 440) where it was said at page 448: " We are not dealing here with statements made by witnesses required to attend a hearing (Prison Law, secs. 261, 262, 265): there is a distinction between the testimony of witnesses and voluntary complaints (*Wright* v. *Lothrop, supra*)."

The relevancy of defendant's letter to the inquiry is established by the fact that, while the waiting period for benefits in the ordinary case is one week, the waiting period is extended to seven weeks, where the discharge is due to claimant's misconduct.

In a very able brief as *amicus curiæ*, the State of New York argues for the need of an absolute privilege to cover communications such as that of the defendant, to expedite the work of the department and encourage full and free disclosures by employers.

Plaintiff's argument, that the decision in his favor on the prior motion for judgment on the pleadings, forecloses a consideration of the present motion, is without merit. In that motion the defenses were deemed denied. The facts now, are amply proved. The only thing that remains is to determine their legal sufficiency.

No New York case directly in point has been called to my attention, but a Federal case, which arose in New York and was, therefore, decided in accordance with what the Federal court believed the New York law to be, is squarely in point and sustains the position of the defendant (see *Simpson* v. *Oil Transfer Corp.*, 75 F. Supp. 819). I am not unmindful of the fact that our own Court of Appeals, in *Andrews* v. *Gardiner* (*supra*) and *Pecue* v. *West* (233 N. Y. 316) has shown the tendency of our courts to limit the extension of the doctrine of absolute privilege. However, no New York case heretofore has considered what effect a statute such as section 537 of the Labor Law should have, on the doctrine of absolute privilege. That section does not in terms deal with " privilege " absolute or otherwise, but it does provide for a positive nondisclosure of the communication complained of here, in court or out of court. I deem this to show a legislative intent to remove defendant's letter from the realm of actionable libel. This may be equivalent to saying that it is absolutely privileged. More accurately it could be termed a statutory privilege, since the confidential nature of these records distinguishes this case from the common-law variety of absolute privilege which is confined to a public trial in a judicial proceeding, statements made in the Legislature and similar situations.

Whichever view is taken, the defendant's challenge is sustained and the motion is, therefore, granted.

Submit order.