J. Robert Lynch, J.
On December 12, 1959 the plaintiff left his employment as an announcer for the defendant radio station. Thereafter the defendant received from the New York State *707 Department of Labor two forms to be filled out and returned regarding the plaintiff’s employment. One is entitled “ Bequest for Employment and Wage Data ”, the other, “ Report of Employment”. Part 11 of the latter form states, “If you know of any reason why this claimant may not be eligible for unemployment insurance benefits, please explain on reverse side ”.
On December 21, 1959, returning the executed forms, the defendant enclosed the following letter:
“Division of Employment
252 State St.
Ogdensburg, New York
Gentlemen:
“Mr. Graham walked into my office on Friday morning and informed me he was leaving WSLB as of Saturday. He left of his own accord and he was not fired. Since he left Ogdensburg, it has come to my attention that he left primarily to get away from his creditors whom he owes approximately $3000.00. He also had a garnishee on his wages which he wanted to be free of so consequently the only way was to quit working.
“ It is my opinion that this man is lazy and would rather receive unemployment cheeks than work. As you can see from the amount of salary he received in the past year, he was making a good living. If this station wanted to be rough on him we could report him to FCC for walking off the job without proper notice.
“ I would like, at this time, to ask for a hearing, at a place designated by your office; if Mr. Graham persists in claiming any benefits.
Very truly yours,
Eileen M. Costigan
General Manager ”
The plaintiff complains that this publication of the letter to the Department of Labor libels him. A separate defense in the answer alleges that the letter is a privileged communication. The plaintiff moves to strike out this separate defense as being insufficient. The defendant cross-moves for summary judgment dismissing the complaint.
The plaintiff’s motion must be denied and the defendant’s motion granted. (Labor Law, § 537 ; N. Y. Off. Comp, of Codes, Rules & Regulations [9th Suppl.], p. 450, Unemployment Insurance Law, reg. 28, par. b ; Coyne v. O’Connor, 204 Misc. 465 ; Breuer v. Bo-Craft Enterprises, 8 Misc 2d 736 ; Simpson v. Oil Transfer Corp., 75 F. Supp. 819.)
The plaintiff’s motion to strike is denied. The defendant’s motion for summary judgment dismissing the complaint' is granted, with $25 costs.