OPINION OF THE COURT
William R. Roy, J.
In this article 78 proceeding petitioner, the Herald Company, Inc., seeks an order of this court vacating and annulling an oral order of the respondent, David Weisenberg, administrative law judge for the New York State Department of Labor, which excluded the public and all members of the press from hearings held and to be held by respondents regarding the unemployment insurance claims made by Guido Visioni and Edward Fineberg, former Special Assistant Attorneys-General. Petitioner seeks a further order of this court compelling the respondents to furnish a transcript of a hearing previously held in connection with the above claims.
*427 This application arises out of the following facts and circumstances:
Messrs. Visioni and Fineberg were Special Assistant Attorneys-General employed by the then Attorney-General, Louis Lefkowitz, to assist Special Deputy Attorney-General Peter Andreoli in an investigation into alleged political corruption in the County of Onondaga.
During the period of their employment a dispute arose between Visioni and Fineberg and Mr. Andreoli and the current Attorney-General of the State, Honorable Robert P. Abrams. The dispute appears to center about claims by Visioni and Fineberg that their continued participation in the probe and continued employment in this atmosphere was a violation of the Canons of Professional Ethics. Visioni and Fineberg claim that the actions, statements and inactions of their superiors, Mr. Andreoli and Mr. Abrams, amount to conduct detrimental to the administration of justice and their continued participation in the probe would violate the Canons of Professional Ethics.
As a result of this alleged, but as yet unspecified conduct, Visioni and Fineberg resigned their positions as Deputy Assistant Attorneys-General and made application for unemployment insurance benefits. Their applications were denied upon the ground that they resigned for personal, noncompelling reasons. Both filed for and were granted a hearing pursuant to section 620 of the Labor Law, before Mr. Weisenberg, an administrative law judge of the New York State Department of Labor. A hearing was scheduled for May 4, 1981, to take proof on the denial of unemployment benefits. At that hearing Visioni and Fineberg appeared before Mr. Weisenberg with counsel, Benjamin Ferrara, Esq. The Industrial Commissioner was represented by Mr. Albert Singer and the Attorney-General was, represented by Lawrence Zimmerman, an Assistant Attorney-General. Also present at the initial stage of the hearing were several members of the press and electronic media.
After a brief statement by the administrative law judge, as to the conduct of the hearing, Mr. Ferrara, on behalf of both his clients, requested that the administrative law *428 judge specifically exclude members of the press from the hearing. Petitioner’s reporter, among other members of the media, objected to the closure of the hearing and requested that the proceeding be delayed to allow petitioner’s attorneys time to appear and present legal arguments in opposition to the request for closure. This request was denied, however, Mr. Weisenberg accepted a “form statement” from petitioner’s reporter which requested an adjournment and this was made part of the record. All members of the media were then excluded. A subsequent request for a copy of the transcript of the hearing was also denied and petitioner commenced this proceeding immediately thereafter.
Petitioner contends that the actions of the administrative law judge in excluding the press and public and refusing to grant its request for a transcript of the proceedings were improper. It submits that his actions were contrary to the provisions of section 4 of the Judiciary Law; that no authority exists in law for exclusion of the press and public from such hearings; that such action violated the Freedom of Information Law and that petitioner was denied due process of law.
The Attorney-General of the State of New York, appearing on behalf of respondent New York State Department of Labor, submitted an answer to the petition which stated that the Department of Labor had no objections to the presence of the press at the unemployment insurance hearing. The Attorney-General himself (who, incidentally, is not a party to this proceeding) stated in the answer that he welcomed an opportunity in a public forum to refute any allegations by Visioni and Fineberg as to alleged violations of the Canons of Professional Ethics by Mr. Andreoli and the Attorney-General’s office. Because of an apparent conflict of interest, the Attorney-General did not appear on behalf of administrative law judge Weisenberg.
The administrative law judge, by his counsel, Mr. Weinstein, in his verified answer to the petition denies certain of the allegations of the petition in this proceeding and sets up two affirmative defenses as follows: First, that the information obtained from employees and employers under article 18 of the Labor Law (Unemployment Insurance Law) is not subject to disclosure and secondly, that Visioni *429 and Fineberg are under a court order not to disclose any information that they had learned as a result of their participation in the probe of alleged political corruption in Onondaga County.
Although they were not named as respondents in this proceeding, Visioni and Fineberg have retained counsel to represent their interests and have objected to the opening of the hearing to the public or the release of the transcript thereof. Their position is that they are under a court order not to disclose any information obtained in the course of their employment with Mr. Andreoli’s probe; that such disclosure would violate section 537 of the Labor Law and that in any event, any public disclosure of such information would violate section 215.70 of the Penal Law. They contend that if the hearing was public or the transcript released, there is a possibility that both may be subject to contempt of court or criminal prosecution.
For the following reasons the court is of the opinion that petitioner’s application should in this instance be denied.
This court is ever mindful of the rights of the press and public to have access to information of genuine public interest. The Freedom of Information Law and the Open Meetings Law (Public Officers Law, § 84 et seq.; § 96 et seq.) specifically provide for the public’s right to know the process of governmental decision-making. Court decisions have also promulgated certain rights of access to the public and press in criminal and civil matters. (Matter of Gannett Co. v De Pasquale, 43 NY2d 370, affd 443 US 368; Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430; Matter of Oliver v Postel, 30 NY2d 171.) Of course, these rights are not absolute and are subject to well-defined limitations.
I think it a fair statement of the law that all civil or criminal proceedings are presumptively open to the press and public, absent compelling reasons to close such proceedings. (Matter of Hearst Corp. v Clyne, 50 NY2d 707.) I further believe it a fair statement that the press and public have, with certain exceptions, a presumptive right of access to governmental records and the governmental decision-making process. (Freedom of Information Law and *430 Open Meetings Law.) This is so since in the absence of specific statutory protection the burden of proof is on the agency resisting disclosure to establish that the requested material is exempt from such disclosure. (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575.)
However, in the case before this court, no such presumption exists and there are three reasons why the proceeding before the administrative law judge should remain closed to the press and public.
The first deals with section 215.70 of the Penal Law which prohibits unlawful Grand Jury disclosure. This section, a class E felony, prohibits the intentional public disclosure of Grand Jury testimony or proceedings by a public servant involved in such proceedings without a court order. It is a contention of Visioni and Fineberg that their resignation was a result of alleged improprieties on the part of Messrs. Andreoli and Abrams in the conduct of the special prosecutor’s probe of alleged political corruption in Onondaga County. Their testimony would, of necessity, involve matters that were or had been pending before the Special Grand Jury. Without a court order, the public disclosure of such material would subject both to possible prosecution for a violation of section 215.70 of the Penal Law. This court is not asked to, nor does it make, any determination as to whether such disclosure before the administrative law judge would result in the possibility of similar criminal liability. However, it has generally been held that records of an unemployment hearing in matters in which the commissioner is not involved are not subject to disclosure for either civil matters or criminal proceedings. (Andrews v Cacchio, 264 App Div 791; Graham v Seaway Radio, 28 Misc 2d 706; Coyne v O’Connor, 204 Misc 465; Breuer v Bo-Craft Enterprises, 8 Misc 2d 736 [all civil actions].) See, also, People v Marzullo, an unreported decision of the Warren County Court, quashing a subpoena issued by the District Attorney of Warren County for Labor Department records.
The second obstacle to petitioner’s application is section 537 of the Labor Law. Subdivision 1 of that section, with certain exceptions not relevant here, provides that the records of the Department of Labor with respect to unem *431 ployment insurance “shall not be open to the public nor used in any court in any action or proceeding pending therein unless the commissioner is a party to such * * * proceeding, notwithstanding any other provisions of law.” (Emphasis ours.) It is difficult to find a clearer expression of legislative intention to withhold public access to such proceedings regardless of the opinion of the Attorney-General to the contrary. (See 1959 Opns Atty Gen 80.) This section of the Labor Law has been uniformly held to prohibit such disclosure. (See Andrews v Cacchio, supra; Graham v Seaway Radio, supra; Coyne v O’Connor, supra; Breuer v Bo-Craft Enterprises, supra; People v Marzullo, supra; Simpson v Oil Transfer Corp., 75 F Supp 819.) I see no compelling reason to deviate from the holdings in those cases.
Thirdly, both Visioni and Fineberg are currently under an order of Honorable Lyman J. Smith, J. S. C., dated March 1, 1977, not to disclose, for all time, “the nature or substance of any testimony or other evidence considered by the * * * Grand Jury, or any discussion, decision, result or other matter * * * or the identity of any witness appearing before the Grand Jury.” Justice Smith provided that in addition to Penal Law sanctions under section 215.70 anyone who violated the order would also be subject to prosecution for criminal contempt, second degree, pursuant to section 215.50 of the Penal Law. Justice Smith could modify his own order, upon application by a proper person. This court is without such power under any circumstance here present. (See CPLR 2221.)
Finally, assuming, arguendo, that the Freedom of Information Law applies to unemployment compensation hearings, two sections of that law specifically exempt the hearing in this case from disclosure. Section 87 (subd 2, par [a]) of the Public Officers Law provides that agency records need not be disclosed if they “are specifically exempted from disclosure by state or federal statute”. Section 537 of the Labor Law, as previously held in this decision, specifically excepts unemployment insurance hearings from public disclosure. Furthermore, so long as Justice Smith’s order is outstanding and unmodified by him, this court is of the opinion that section 87 (subd 2, par [e], cl i) of the *432 Public Officers Law would similarly prohibit disclosure since such disclosure would interfere with a law enforcement investigation and judicial proceedings.
In view of the above, the application of petitioner is denied and the petition dismissed.