In the Matter of HERALD COMPANY, INC., Appellant, v DAVID WEISENBERG, as Administrative Law Judge, et al., Respondents.

Fourth Department, October 29, 1982

**APPEARANCES OF COUNSEL**

*Bond, Schoeneck & King* (*S. Paul Battaglia* of counsel), for appellant.

*Theodore Weinstein* for David Weisenberg, respondent.

*Robert Abrams, Attorney General* (*Lawrence Zimmerman* of counsel), for New York State Department of Labor, respondent.

**OPINION OF THE COURT**

DILLON, P. J.

We are here asked to decide whether an administrative law judge has the authority to close to the public and the press an unemployment insurance compensation hearing

without conducting a preliminary inquiry to determine the need for closure and without first affording the press an opportunity to be heard. We hold that he may not.

The facts may be briefly stated. Two attorneys employed by the Attorney-General participated in an investigation of political corruption in Onondaga County. Differences arose between them and their superiors, and the two resigned, claiming that their continued employment would violate the Code of Professional Responsibility. Following denial of their applications for unemployment insurance benefits, they were granted a hearing pursuant to section 620 of the Labor Law. The hearing was scheduled for May 4, 1981, at which time the administrative law judge, on claimants' motion, ordered that the hearing be closed and directed that petitioner's reporter be removed from the hearing room. The reporter's request for a continuance to allow petitioner to present legal arguments was denied. Further proceedings were held behind closed doors but before any decision was rendered, the determination denying benefits was withdrawn and claimants' applications for benefits were granted. No proceedings other than those of May 4 were conducted and thereafter the administrative law judge denied petitioner's request for a stenographic transcript of the closed hearing.

In this CPLR article 78 proceeding, petitioner seeks to vacate the order of closure and asks that respondent be directed to supply petitioner with the transcript. Special Term dismissed the petition (115 Misc 2d 426). While recognizing that civil and criminal proceedings are presumptively open to public and press, the court found that closure was proper because (1) claimants' testimony necessarily would involve matters that were or had been before the Grand Jury and that public disclosure thereof would violate section 215.70 of the Penal Law and would be contemptuous of an outstanding Supreme Court order prohibiting claimants and others from disclosing "for all time" matters or evidence considered by the Grand Jury; and (2) an open hearing would violate the nondisclosure provisions of section 537 of the Labor Law.

To be resolved at the threshold is the issue of mootness. The petition is not moot, of course, to the extent that

petitioner seeks a transcript of the hearing. We recognize, however, that claimants' applications for benefits were granted before any decision or order was entered on the hearing, and no further hearings will be necessary. Ordinarily, where an action or proceeding has been thus terminated, it is no longer live for any justiciable purpose (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Nonetheless, the dispute should be addressed where, as here, it is of significant public importance, is likely to recur and is of a nature that it will otherwise evade review (*Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 436-437).

Turning to the merits, it is first observed that every citizen may freely attend the sittings of every court in this State (Judiciary Law, § 4). That right may be asserted by the public and the press in both criminal and civil proceedings (*Matter of Westchester Rockland Newspapers v Leggett, supra,* pp 437-438).* It is clear, therefore, that all judicial proceedings in this State are presumptively open to the public and the press. This is so because public access to judicial proceedings promotes public participation in government and provides a safeguard for the integrity of the judicial process (*Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, *supra*).

The right of attendance is not absolute, of course (*Matter of Westchester Rockland Newspapers v Leggett, supra,* p 438), and where there are compelling reasons for closure the right may be denied (see, e.g., *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, affd 443 US 368). It is established, at least in criminal cases, that it may not be denied summarily and that the trial court must conduct a preliminary inquiry to determine the need for closure (*Matter of Capital Newspapers Div. of Hearst Corp. v Clyne,* 56 NY2d 870; *Matter of Westchester Rockland Newspapers v Leggett, supra*). Moreover, where there is legitimate public concern, as in a trial involving public officials, the trial court should afford interested members of the news media an opportu-

---

* While the First Amendment constitutional right of attendance has thus far been insured only at criminal trials (*Globe Newspaper Co. v Superior Ct. for County of Norfolk,* __ US __, 50 USLW 4759), the Supreme Court has noted that historically both civil and criminal trials have been presumptively open (*Richmond Newspapers v Virginia,* 448 US 555, 580, n 17 [plurality opn]).

nity to be heard (*Matter of Gannett Co. v De Pasquale*, 43 NY2d 370, 381, *supra*).

We conclude that these principles should be applied with equal force to quasi-judicial proceedings where the process of government is similarly at work and the integrity of the decision-making process is equally essential to citizen confidence in government. It follows, therefore, that before granting claimants' motion to close the hearing, the administrative law judge was required to grant the request of petitioner's reporter to adjourn the proceedings for a brief period in order to give petitioner an opportunity to be heard.

Additionally, absent a showing of compelling reasons for closure, the hearing should be open to the public and the press. No such showing is made here. Surely claimants are not entitled to closure on the basis that their testimony would violate either section 215.70 of the Penal Law or the Supreme Court "gag" order reflecting that statutory proscription. Section 215.70 prohibits claimants from intentionally disclosing "to another the nature or substance of any grand jury testimony, or any decision, result or other matter attending a grand jury proceeding which is required by law to be kept secret, except in the proper discharge of his official duties or upon written order of the court." If it was the intention of claimants to violate either the statute or the "gag" order, the public interest required that the hearing be open.

Nor does section 537 of the Labor Law afford a basis for closing the hearing. That section merely provides for the confidentiality and limited use of information acquired from employers or employees. Moreover, we find no other legislative authority for excluding the public and press. Neither the statute (Labor Law, § 622) nor the regulation (12 NYCRR 461.4) governing the conduct of these hearings makes any reference to closure.

This analysis ordinarily would require vacating the order closing the hearing but that would now serve no purpose. The judgment dismissing the petition should be reversed and the petition should be granted to the extent of directing respondent forthwith to furnish petitioner with a transcript of the hearing.

DENMAN, MOULE and SCHNEPP, JJ., concur.

Judgment unanimously reversed, without costs, and petition granted, in accordance with opinion by DILLON, P. J.