■ LEAH T. KENT, Appellant, v STEVEN J. KENT, Respondent. [738 NYS2d 31] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered February 23, 2000, which: (1) ordered that defendant pay child support to the plaintiff in the amount of $104.60 per week; (2) ordered defendant to obtain medical insurance for the parties' minor child, and to reimburse plaintiff 40% of all unreimbursed medical expenses incurred on the son's behalf; (3) ordered defendant to obtain a life insurance policy of not less than $100,000 for the parties' child; (4) awarded plaintiff 100% of the value of the parties' property in Pennsylvania; and (5) awarded plaintiff $11,401.89, plus interest, unanimously modified, on the law, to vacate the award of child support, and to remand the matter for the IAS court to make a redetermination of child support and the resulting money judgment, articulating its findings and calculations as required by Domestic Relations Law § 240 (1-b) (c) and (g), and otherwise affirmed, without costs.

Domestic Relations Law § 240 (1-b) (known as the Child Support Standards Act [CSSA]) requires the trial court to follow a three-step process for determining the basic child support obligation: (1) calculation of combined parental income; (2) multiplication of the combined parental income, up to $80,000, by the specified child support percentage (17% for one child), and allocation between the parents on a pro rata basis, unless application of the percentage is deemed "unjust and inappropriate" on consideration of the factors set forth in paragraph (f), as articulated in a written order (Domestic Relations Law § 240 [1-b] [g]); and (3) for the amount of combined parental income over $80,000, application either of the child support percentage or of the Domestic Relations Law § 240 (1-b) (f) factors, and articulation of the reasons for the method used (*Bast v Rossoff*, 91 NY2d 723, 726-727; *also see, Cassano v Cassano*, 85 NY2d 649, 652-655). Failure to articulate the bases for calculations under the CSSA requires that the child support aspects of a judgment be vacated and remanded (*see, Harmon v Harmon*, 173 AD2d 98).

As applied here, neither the IAS court's 1997 findings of fact nor its February 2000 judgment demonstrates the basis for the $104.60 per week child support award. The court made no calculation of combined parental income, and the record does not contain adequate information, from either tax returns or other credible sources, for this Court to make this determination (*cf., Bonheur v Bonheur*, 138 AD2d 441 [in an appropriate case, this Court can make a determination of child support]).

This lack of information is due in large part to the failure of defendant to comply with orders to produce signed tax returns and a net worth statement. It should be noted that defendant stated that his income was $55,000 on an application to lease an expensive automobile in 1997. He now represents that that was a deliberate misrepresentation to convince the leasing company that he could afford the car. Moreover, as recognized by one of the hearing examiners, defendant's lifestyle, including his alleged ownership of two cars, a boat, and the purchase of a home in Pennsylvania, are all incompatible with his claimed income of approximately $30,000, and may provide the basis for the court to impute a substantially higher income to him. We thus remand and direct the IAS court to enforce its prior rulings, to make an express finding of the parties' combined yearly earnings, taking into consideration defendant's lifestyle, and to articulate the justification for reaching an appropriate award of child support, as required by Domestic Relations Law § 240 (1-b) (c) and (g) (*see, Mars v Mars*, 286 AD2d

201). Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.