■ In the Matter of LEAH T. KENT, Appellant, v STEVEN J. KENT, Respondent. [744 NYS2d 844] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 13, 2002, which, upon remand from this Court (291 AD2d 258), adhered to the child support award in its judgment of February 23, 2000, consisting of respondent's payment to appellant of $104.60 per week, respondent's procurement of a health insurance policy for the child's benefit and reimbursement to appellant of 40% of medical expenses not covered by insurance, and respondent's procurement of a $100,000 life insurance policy for the child's benefit, unanimously modified, on the law and the facts, to vacate the weekly child support payments of $104.60, and award appellant basic child support in the amount of $107.07 per week and day care expenses in the amount of $131.20 per week, for a total weekly payment of $238.27, and otherwise affirmed, without costs.

Undisputed trial evidence shows that appellant is working full time, incurring a day care expense of $320 per week. The trial court determined that the combined parental income is $79,885. Properly calculated, respondent's pro rata share thereof is 41%. Thus, under Domestic Relations Law § 240 (1-b) (c) (4), respondent should be paying 41% of the weekly child care expense, to wit, $131.20 per week, in addition to his share of basic child support of $107.07 per week. The trial court should have added these two figures to arrive at a total weekly payment of $238.27 (see, Slankard v Chahinian, 204 AD2d 529, 530). Instead, for reasons ostensibly meant to address both appellant's child care expense and respondent's declining, but not hopeless, financial circumstances, but which remain unclear even after the remand, the trial court took 17% of respondent's income only, which figure was also erroneously calculated to be only 31% of the combined parental income and rounded down to $32,000. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.