■ Leah Turell Kent, Appellant, v Steven John Kent, Respondent. [780 NYS2d 346]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered December 4, 2003, which, to the extent appealed from as limited by the briefs, confirmed in part and rejected in part the report of the Special Referee, terminating defendant's obligation to pay "child support," declining to order defendant to pay for the parties' son's college expenses, and denying other of plaintiff's requests which were not substantiated before the Referee, unanimously modified, on the law and the facts, the termination of child support vacated, and (1) the child support award reinstated in place of defendant's obligation to pay "child care" so long as the child attends college, but terminating no later than May 2008; (2) defendant directed to make biweekly payments of $300 in child support arrears until he has satisfied the $23,757.70 currently owed, said payments to commence within 30 days of service of a copy of this order with notice of entry; (3) defendant directed to pay $600 past due for oral surgery performed on the child, within 30 days of service of a copy of this order with notice of entry; (4) defendant directed to reimburse plaintiff for any amounts incurred for future orthodontic work, within 30 days of presentation of a bill for such services; (4) defendant directed to produce evidence that

the $100,000 life insurance policy he purchased for the benefit of his son remains fully funded, within 30 days of service of a copy of this order with notice of entry; and (5) defendant directed to pay 70% of his son's college expenses which would be incurred at a New York State University, said payments also to commence within 30 days of service of a copy of this order with notice of entry, and otherwise affirmed, without costs.

This is the fourth appeal before this Court in this protracted divorce proceeding (*see* 296 AD2d 319 [2002]; 291 AD2d 258 [2002]; 233 AD2d 258 [1996]). In addition, defendant has had a history of consistently dilatory payment practices. Thus, in the interest of judicial economy, we have outlined a number of specific directives, rather than remanding for further proceedings.

First, it is apparent from the IAS Court's decision that it intended to terminate defendant's obligation to pay "child care," since the child is past the age of that requirement. However, the court mistakenly terminated defendant's obligation to pay "child support" instead. The direction for continued payment of child support is therefore reinstated. In addition, given defendant's poor payment history, the court, in its discretion, should have considered the pro se plaintiff's request, albeit belated, for a payment schedule for child support arrears in the amount of $23,757.70. We direct defendant to make biweekly payments of $300 in child support arrears until he has fully satisfied the amount past due, while making current payments.

Defendant is ordered to pay $600 due and owing for his son's past oral surgery and to contribute to the cost of future orthodontic treatment, which appears necessary. Defendant is directed to provide evidence that the $100,000 life insurance policy which he procured for the benefit of his son remains fully funded. Finally, as the parties' son is a promising student who wishes to earn a college degree, and the parents have the ability to fund such postsecondary education, we authorize an award of college expenses (Family Ct Act § 413 [1] [c] [7]; *see Matter of Haessly v Haessly*, 203 AD2d 700 [1994]).

Given that plaintiff has undertaken the majority of the child's educational expenses to date, and upon evaluation of the evidence before the court with respect to the parties' present financial situations, we allocate 70% of the college expenses to be paid by defendant, and 30% by plaintiff.

Should defendant fail to comply with the directives set forth in this order, plaintiff may apply for a hearing pursuant to Family Court Act § 454 (1) to determine whether defendant has committed willful violations of his obligations, thereby justify-

ing a finding of contempt and or an order of commitment pursuant to Family Court Act § 454 (3) (a) (*Matter of Powers v Powers*, 86 NY2d 63, 68 [1995]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.