Matter of Kent v Kent (2005 NY Slip Op 50842(U))

[*1]

Matter of Kent v Kent

2005 NY Slip Op 50842(U)

Decided on May 25, 2005

Fam Ct, Bronx County

Drinane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 25, 2005

Fam Ct, Bronx County
In the Matter of Leah E. Kent, Petitioner,
against
Steven J. Kent, Respondent.
F-07574-91/04 I-K

Monica Drinane, J.
Objection from order of the Family Court, Bronx County (James Weigert, SM) entered January 4, 2005, wherein the Support Magistrate denied petitioner's petition to find respondent in willful violation of previous support orders, dismissed petitioner's September 10, 2004 petition for upward modification of support, and denied petitioner's July 15, 2004 petition for upward modification of support.
Procedural History. After more than a decade of litigation, the Supreme Court of New York County entered a support order on December 4, 2003, which terminated respondent's obligation to pay child support. Petitioner appealed to the Appellate Division, First Department. On July 15, 2004, petitioner filed a petition in Family Court for an upward modification of support (hereinafter "Petition I") and a petition alleging a violation of a February 15, 2002 [*2]support order (hereinafter "Petition J").
On August 5, 2004, the Appellate Division modified the Supreme Court's order and made six specific orders: "(1) the child support award reinstated in place of defendant's obligation to pay 'child care' so long as the child attends college, but terminating no later than May 2008; (2) defendant directed to make biweekly payments of $300 in child support arrears until he has satisfied the $23,757.70 currently owed, said payments to commence within 30 days of service of a copy of this order with notice of entry; (3) defendant directed to pay $600 past due for oral surgery performed on the child, within 30 days of service of a copy of this order with notice of entry; (4) defendant directed to reimburse plaintiff for any amounts incurred for future orthodontic work, within 30 days of presentation of a bill for such services; (4) [sic] defendant directed to produce evidence that the $100,000 life insurance policy he purchased for the benefit of his son remains fully funded, within 30 days of service of a copy of this order with notice of entry; and (5) [sic] defendant directed to pay 70% of his son's college expenses which would be incurred at a New York State University, said payments also to commence within 30 days of service of a copy of this order with notice of entry" (Kent v Kent, 10 AD3d 275 [1st Dept 2004]). The Appellate Division noted that respondent "had a history of dilatory payment practices" (Id. at 276) and provided that should respondent fail to abide by the Court's order, petitioner could file for a willfulness hearing, pursuant to Family Court Act § 454(1) (Ibid).
On September 10, 2004, petitioner filed another petition in Family Court for an upward modification of support (hereinafter "Petition K"). On the same date, petitioner appeared before Support Magistrate Weigert. At that hearing, the Support Magistrate excluded petitioner's observer from the court room without a hearing. Furthermore, the Support Magistrate advised petitioner that petitioner would have to prove "changed circumstances" from August 4, 2004, the date of the Appellate Division's order, to prevail on the petition for an upward modification of support (Petition I).
On October 22, 2004, the Support Magistrate adjourned Petition I (upward modification) and Petition J (willfulness) to November 4, 2004, because no one advised respondent of the October 22, 2004 date and because Petition K (upward modification) had already been adjourned to November 4, 2004.
On November 4, 2004, the Support Magistrate conducted a hearing with both the petitioner and the respondent present. Again, the Support Magistrate excluded petitioner's observer from the court room without a hearing.
On December 6, 2004, the Support Magistrate made findings of fact and conclusions of law. Such orders were entered on January 4, 2005. On Petition I, the Support Magistrate denied the petition, finding that petitioner did not prove a substantial change in circumstances to warrant an upward modification of support. On Petition J, the Support Magistrate dismissed the petition without prejudice, as the Support Magistrate found that the petition was "duplicative" (see Order of Dismissal, F-07574-91/04J). Finally as to Petition K, the Support Magistrate ruled "wilfulness denied subject to compliance," adjusted arrears, and reordered compliance with the Appellate Division's orders from August 5, 2004.
Petitioner filed the instant objection on March 4, 2005
Summary. The Court reviewed the case file, the November 5, 2004 hearing transcript, and the audio tape from the September 10, 2004. The Court grants petitioner's objection in part [*3]and denies in part.
Decision. 
Willfulness. Petitioner objects to the Support Magistrate's denial of a finding of willfulness contingent on future compliance with the court's order on Petition J. A finding of willfulness requires proof of both the ability to pay support and the failure to do so (see Family Court Act § 455 [5]; Matter of Beck v Beck, 228 AD2d 672, 673 [2d Dept 1996]). An obligor's failure to pay child support is prima facie evidence of obligor's willful disobedience of the court's order of support (see Family Court Act § 454 [3] [a]; see Powers v Powers, 86 NY2d 63 [1995]). The failure to pay court-ordered child support is sufficient to establish petitioner's direct case of willful violation (see Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Court Act § 454, at 388). Once a prima facie case has been established, the burden shifts to the obligor to rebut the prima facie showing (Powers v Powers at 69).In this case, respondent admitted that respondent's annual gross income was around $80,000 (see T 11/5/05 [FN1]); furthermore, the Support Magistrate found that respondent "is possessed of sufficient means and able to earn such means to provide the payment of the sum $214.14 bi-weekly" to petitioner (see Decision on Petition I). At the same hearing, respondent admitted that he had not paid the $600 past due for oral surgery performed on the child (T 11/5/05, 9:19-25 & 10:1), which omission to pay constitutes a violation of the Appellate Division's order of August 5, 2004 (Kent v Kent, 10 AD3d at 275 ["[D]efendant directed to pay $600 past due for oral surgery performed on the child, within 30 days of service of a copy of this order with notice of entry"]). Once petitioner presented such evidence, it was incumbent upon respondent to rebut such a prima facie showing of willfulness. Therefore, it was improvident for the Support Magistrate to deny a finding of willfulness "subject to compliance."
This Court remands Petition J (willfulness) to Support Magistrate Weigert for further proceedings consistent with this Court's decision. Since petitioner has gone forward with petitioner's burden, the sole issue at the hearing will be whether respondent can rebut the prima facie showing of willfulness. Should respondent fail in that burden, the Support Magistrate can recommend imposing a cash undertaking in light of respondent's history of dilatory payments and/or can imposing a jail sentence of up to six months. The parties shall bring to court at least two copies of any and all documents which they may wish to submit on their behalf.
Apparently, the Support Magistrate confused Petitions J and K with each other. In dismissing Petition J, the Support Magistrate claims that the petition was duplicative with the first petition for upward modification of support Petition I. But Petition J was the petition for violation of a support order. Petition K was the duplicative, upward modification petition of Petition I. Therefore, the Court vacates the decision on Petition J and substitutes the order on Petition K for the order on Petition J, except for willfulness being denied. Petition K is dismissed as being the duplicate of Petition I.
Denial of upward modification. Petitioner argues that the court should impute additional income to respondent based on respondent's GMAC leasing agreement, wherein the agreement states that respondent's annual income was $180,000. On November 5, 2004, respondent [*4]testified that the lease was in error; rather, respondent's income should have been reported as $80,000 per year. The Support Magistrate credited respondent's testimony. Contrary to petitioner's argument, while it may be appropriate to impute income where respondent has hidden assets or on respondent's earning potential (see Kay v Kay, 37 NY2d 632 [1975]), no such finding is warranted based on the evidence adduced at the hearing. In February 2002, the First Department issued its third decision on this protracted case, wherein the Appellate Division remanded the case to Supreme Court to calculate the parties' incomes. The Court further noted that respondent's lifestyle was a basis upon which to impute a higher income to respondent and for the Supreme Court to take "into consideration [respondent's] lifestyle" in calculating respondent's income (Kent v Kent, 291 AD2d 258, 259 [1st Dept 2002]). Adhering to the Appellate Division's decision, Justice Tolub calculated the parties' combined incomes and ordered child support of $104.60 per week (Kent v Kent, 296 AD2d 319 [1st Dept 2002]); the Appellate Division modified the child support to $107.07 per week and otherwise affirmed Justice Tolub's decision. By otherwise affirming the Supreme Court decision, it is fair to infer that the calculated child support amount reflected respondent's lifestyle. After the Appellate Division's decision, both petitioner and respondent petitioned to modify the support order. Thereafter, a Special Referee conducted hearings, where the Special Referee found it difficult based upon both parties' limited financial disclosure to determine the combined parental incomes (see Referee's Report and Recommendation, p 6). In deciding that neither party satisfied the respective party's burden for modification, the Special Referee "considered the proof, testimony and evidence adduced at the hearing held before me regarding the parties' respective earning capacities, the nature of the parties' lifestyles and the reasonable needs of the parties' child including his prospective attendance at college" (Id.). Thereafter, Justice Gische adopted the Special Referee's recommendation, but accidentally cancelled respondent's child support obligation in lieu of cancelling respondent's duty to pay child care expenses (see Kent v Kent, 10 AD3d 275, 276 [1st Dept 2004] ["[Court] intended to terminate defendant's obligation to pay 'child care,' since the child is past the age of that requirement. However, the court mistakenly terminated defendant's obligation to pay 'child support' instead"]). Therefore, different courts over the past three years have considered respondent's lifestyle, and each has been equally unconvinced of petitioner's argument. Based on the evidence adduced at the November 5, 2004 hearing, this Court adopts the support magistrate's findings of fact and finds petitioner's argument is without merit. Petitioner further argues that respondent, previous to the GMAC leasing agreement, leased a car from BMW in 2003 (see Objection, p 7). That agreement, apparently, was not received into evidence (see T 11/5/04). An objection is not a means to produce new evidence (see CPLR § 5015). This Court will not consider in the interests of justice the 2003 car lease in reviewing the Support Magistrate's orders.
As a general rule, the Support Magistrate's findings of fact "should not be rejected unless they are contrary to the weight of the credible evidence or in error as a matter of law (see Matter of Weiner v Weiner, 97 Misc 2d 920 [Monroe Co Family Ct 1979]). "The greatest deference should be given to the factual findings of a support magistrate who is in the best position to assess the credibility of the witnesses and the evidence proffered (see Matter of Niagara County DSS v Randy M., 206 AD2d 878 [4th Dept 1994]; Matter of McCarthy v Braiman, 125 AD2d 572 [2d Dept 1986]). The Support Magistrate found that petitioner did not meet the burden of proof [*5]of showing a "substantial change in circumstances" (Domestic Relations Law § 236 [B] [9] [b]; Love v Love, 303 AD2d 756 [2d Dept 2003]), which is the evidentiary standard required to modify prior support orders. To determine whether there has been a "substantial change in circumstances" warranting an upward modification of child support, the court can consider "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Shedd v Shedd, 277 AD2d 917, 917-918 [4th Dept 2000]). Here, petitioner could only prove that petitioner's rent increased seven percent (see Support Magistrate's Findings of Fact, p 4) and could not prove any additional increase in expenses. As of August 2004, the child in question attended college in Albany. So petitioner's rent increase was not an increased expense of the child, as of the date of the First Department's fourth decision in this case. Therefore, petitioner did not meet the evidentiary burden.
While an increase in the non-custodial parent's income is a factor which may be considered in deciding whether to grant an upward modification of support, this factor, alone, is not determinative (Huddleston v Huddleston, 14 AD3d 511 [2d Dept 2005]; Love v Love, supra). Thus, even if the GMAC leasing agreement demonstrated a change in respondent's income, this factor, alone, did not entitle petitioner to an upward modification of child support, since petitioner failed to demonstrate any increased needs for the child in question.
Finally, petitioner argues that the child support amount of $238.27 per week was to be reinstated by the Support Magistrate. Petitioner cites to Special Referee Leslie Lowenstein's June 17, 2003 decision, where the Special Referee recommended that respondent pay $238.27 per week as child support (see Recommendation p 6). The Special Referee noted that the child no longer needed child care expenses of $131.20 per week, but recommended none the less that respondent pay that same amount as child support. Justice Golub, however, ruled that the "recommendation is rejected as contrary to law and defeats the express intent of the child support standards act" (see Kent v Kent, Sup Ct, New York County, November 26, 2003, Gische, J., Index No. 73203/92). Thereafter, the Appellate Division reinstated child support at $107.07 per week (Kent v Kent, 10 AD3d 275 [1st Dept 2004]). Thus, petitioner's argument is without merit.
Courtroom closure. Petitioner argues that the Support Magistrate improperly excluded petitioner's observer from the courtroom after the lunch recess on November 5, 2004. This Court will not rule on the propriety of that ruling, since even if the Court found the ruling improper, the Court cannot fashion a remedy for petitioner. Petitioner's observer was not a witness who would provide evidence on petitioner's behalf. This Court, however, will note that the Support Magistrate improvidently excluded a person from the courtroom without first conducting a hearing. Under New York Court Rules § 205.4(a), Family Courts are open to the public. "Public access to court proceedings is strongly favored, both as a matter of constitutional law (Richmond Newspapers v Virginia, 448 US 555) and as statutory imperative (Judiciary Law § 4)" (Anonymous v Anonymous, 158 AD2d 296, 297 [1st Dept 1990]; see also Anonymous v Anonymous, 263 AD2d 341 [1st Dept 2000] [Applying courtroom closure standards to child support proceedings]). A courtroom may be closed, however, upon a showing of compelling reasons (Matter of Herald Co v Weisenberg, 89 AD2d 224, 226 [4th Dept 1982], affd 59 NY2d 378 [1983]). Prior to excluding a person from the court room, the court must determine, on a [*6]case-by-case basis based upon supporting evidence, that such exclusion is warranted in that case" (New York Court Rules § 205.4 [b]; see also Matter of Herald Co v Weisenberg, supra). In this case, the Support Magistrate excluded petitioner's observer without conducting any evidentiary hearing (see T 11/5/04). Rather, the Support Magistrate made written findings without giving petitioner the opportunity to present evidence as to why petitioner's observer should be admitted to the court room. To the extent that the Support Magistrate failed to conduct such an evidentiary hearing, that decision was improvident.
Motion to recuse the Support Magistrate. Petitioner argues that the Support Magistrate should recuse himself. Besides the statutory disqualifications of interest or consanguinity (see Judiciary Law § 14), a "judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be question," including instances where "the judge has a personal bias or prejudice concerning a party" (Rules of Judicial Conduct [22 NYCRR] § 100.3 [E] [1] [a] [1]). Absent statutory grounds or an abuse of discretion, the court is the sole arbiter of whether to grant a recusal motion (see People v Moreno, 70 NY2d 403, 405 [1987]). Since petitioner never raised the issue before the Support Magistrate, the motion is denied. Petitioner may reargue the motion before the Support Magistrate prior to the willfulness hearing.
Summary. The Court adopts the Support Magistrate's findings on Petition I and affirms the same order. The Court vacates the order of dismissal for Petition J and orders a willfulness hearing, while adopting the remainder of the order on Petition K's language into the order on Petition J. The Court vacates the order on Petition K and dismisses Petition K as being duplicative of Petition I, since both were requests for an upward modification of child support.
Based upon the above reasoning, the Court remands the case to for a willfulness hearing only. The Support Magistrate will not accept any evidence with the petitioner's request for an upward modification of support.
This constitutes the decision and order of this Court.
Notify the parties.
Pursuant to section 1113 of the family court act, an appeal must be taken within thirty days of receipt of this order by appellant in court, thirty-five days from the mailing of this order to the appellant by the clerk of the court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest.

ENTER: MONICA DRINANE, JUDGE
CIVIL COURT, FAMILY TERM BRONX CO
DATED:BRONX, NEW YORK
May 25, 2005
Footnotes

Footnote 1:"T 11/5/04" refers to the hearing transcript of November 5, 2004 before Support Magistrate Weigert.