OPINION OF THE COURT
Jerome J. Richards, J.
*995 Defendant is charged with first degree burglary (Penal Law § 140.30 [2]), second degree burglary (Penal Law § 140.25 [2]), second degree criminal trespass (Penal Law § 140.15), and third degree assault (Penal Law § 120.00).
Defense counsel has, by letter motion, moved to preclude the People from using at trial a statement given by the defendant to the Unemployment Insurance Department of New York State, as memorialized in exhibit A to the defense motion. For purposes of this order, it suffices to say that the statement contains significant admissions with respect to defendant’s alleged conduct. Hence, the People want to use the statement on trial, and the defense argues that it may not be used. The defense view is based on the language in Labor Law § 537 (1). In pertinent part, that statute provides that
“[[information acquired from employers or employees pursuant to this article shall be for the exclusive use and information of the commissioner in the discharge of his duties hereunder and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law” (Labor Law § 537 [1]).
In the defense view, the statute creates an absolute privilege against disclosure of the statement. In effect, the argument goes, the statute renders the statement a privileged communication, inadmissible in proceedings other than those identified in the statute. In support of this view, the defense cites Matter of Wilson v Bratton (266 AD2d 140 [1st Dept 1999]) and Matter of Beacham v Brown (215 AD2d 334 [1st Dept 1995], lv denied 87 NY2d 801 [1995]).
In response, the People assert that the statement, as contained in written form on the unemployment insurance application, should be admissible both on the People’s case-in-chief and for cross-examination if defendant were to testify at trial. The People infer that, the statutory privilege in section 537 is not absolute, since the statute itself allows disclosure in proceedings to which the industrial commissioner is a party. The People further aver that the statute allows disclosure to the parties affected by a claim for benefits, and does not bar redisclosure by the parties themselves, as contrasted with employees of the commissioner.
The People further note that unemployment benefits proceedings are open to the public, citing Matter of Herald Co. v Weisen *996 berg (59 NY2d 378 [1983]). The implication of this fact is that anyone attending the proceeding would be free to redisclose elsewhere any admission by the defendant, provided that it was directly heard by the listener attending the hearing. Lastly, the People cite an opinion of the State Attorney General to the effect that further disclosure may be granted “in such manner and pursuant to such reasonable regulation as the commissioner may prescribe.” (1937 Ops Atty Gen 276, 277.)
Labor Law § 537 was enacted in its original form in 1944, leading this court to question whether a 1937 opinion of the Attorney General, not binding on the courts in any event, has relevance to an understanding of the scope of this statute. Moreover, the court has discovered no regulation of the commissioner, having any relevance to the context of this court’s inquiry, authorizing further disclosure of information associated with an unemployment benefits claim.
The court agrees that the Wilson and Beacham cases hold that Labor Law § 537 makes testimony from an unemployment benefits petitioner’s hearing inadmissible in any other proceeding. The Wilson case mentions testimony, not just a statement in written form. It should be noted that the statutory prohibition on disclosure applies to disclosure by employees of the commissioner.
There is scant decisional precedent to guide the court on this question. In United States v Chiarella (588 F2d 1358 [2d Cir 1978]), the federal Court of Appeals affirmed the District Court’s ruling that in a securities fraud and insider trading case, as a matter of federal law, the apparent state-court privilege embodied in Labor Law § 537 yields to federal rules and precedent. The court noted that Federal Rules of Evidence rule 501 and established precedent show a strong federal policy favoring admissibility of the type of statement which Labor Law § 537 appears to protect. The court specifically declined to decide whether section 537 creates a privilege under New York law, since the court did not need to resolve that question in order to decide its own case.
In People v Robinson (87 AD2d 877 [2d Dept 1982]), defendant was indicted for burglary and assault at his former employer’s store. The former employer was the main prosecution witness. Defense counsel served a subpoena for unemployment claim records for impeachment of the employer at trial. Defendant apparently believed that the employer had filed a prior sworn statement with the unemployment authorities stat *997 ing that defendant had never worked for him. The state Labor Department moved to quash the defense subpoena for their records concerning the unemployment claim on the grounds of the section 537 privilege. The trial court denied the motion. On appeal, defendant acknowledged that the employer had not made any inconsistent statement, and did not testify at all during the administrative hearing on the unemployment claim. The appellate court reversed the order directing production of the documents because the facts made it clear that there was no evidentiary basis for in camera inspection of the records. The subpoena was ultimately quashed.
In Graham v Seaway Radio (28 Misc 2d 706 [Sup Ct, Jefferson County 1961]), the civil plaintiffs former employer wrote a letter to the Division of Employment explaining why in defendant’s estimation the plaintiff was not entitled to unemployment insurance benefits. The court held that the defendant stated a valid defense when claiming that the letter was a privileged communication, essentially placing it beyond reach in the civil lawsuit.
Lastly, in Eston v Backer (204 Misc 162, 162-163 [Sup Ct, Queens County 1953]), the court wrote as follows:
“This is a motion by the Attorney General of the State of New York to vacate and set aside a subpoena duces tecum served upon the Industrial Commissioner of the State of New York. Section 537 of the Labor Law is clearly mandatory in its language and prevents the use, in any court in any action or proceeding pending therein unless the commissioner is a party therein, of information in his possession required [sic] by him in connection with unemployment insurance matters. The motion is granted and the subpoena is vacated.”
When United States v Chiarella was decided in 1978, only two states (Massachusetts and Washington) had provisions in their statutes allowing the agency processing unemployment claims to release information to criminal prosecutors. Although it appears that numerous other states have enacted similar amendments to allow such disclosure, New York has not.
In the face of clear language in section 537 barring disclosure as previously discussed, this court is not free to read into the statute implied authority for such disclosure. Such a rule is a matter to be decided by legislation or by an appellate court. Absent such authority, this court is not free to permit prosecu *998 tors to use at trial a statement which falls within the ambit of the confidentiality provision embodied within section 537 of the Labor Law.
The motion in limine for an order precluding trial use of the statement is therefore granted. However, this order does not address a related issue not presently before the court as to whether or not the People may introduce the content of the statement if it was obtained in some other way that does not trigger the Labor Law provision.