■ In the Matter of CONRAD GARCIA, Appellant, v NEW YORK CITY PROBATION DEPARTMENT, Respondent. [617 NYS2d 724] —Appeal from order, Supreme Court, New York County (William J. Davis, J.), entered February 7, 1994, which denied petitioner's CPLR article 78 application for reinstatement and

retroactive benefits as a probationary probation officer, unanimously dismissed, without costs.

Petitioner, a probationary employee who was terminated after he received a "conditional" rating on his performance evaluation was later offered the choice of resignation in lieu of termination to protect his future employment opportunities with New York City. Petitioner chose to resign, and his resignation was accepted by respondent. Under the circumstances, we find that petitioner voluntarily resigned, and therefore, the IAS Court had no subject matter jurisdiction over the proceeding, which should have been properly dismissed on procedural grounds *(Matter of Stefandel v Sielaff,* 176 AD2d 651, 652).

Were we to consider the merits, we would affirm. We find that petitioner was a probationary employee, and his termination without a hearing or a statement of reasons was proper in the absence of any demonstration that his dismissal was in bad faith, i.e., for constitutionally impermissible reasons or in violation of statutory or decisional law *(Matter of Dash v Brown,* 199 AD2d 41, 42, *lv denied* 83 NY2d 753). Petitioner's bald allegations of breach of written and oral contract, discriminatory enforcement of departmental disciplinary procedures and sexual harassment are totally unsupported by the evidence in the record. We further find that petitioner's status as an honorably discharged veteran did not entitle him to a pretermination hearing *(Matter of Vaillancourt v New York State Liq. Auth.,* 153 AD2d 531, 534, *affd* 75 NY2d 889; Civil Service Law § 75 [1] [b]). Nor was a name-clearing hearing warranted where no evidence supports a finding that respondent publicly disseminated "stigmatizing reasons" for petitioner's discharge *(Matter of Dash v Brown, supra,* at 43).

We have considered petitioner's other arguments, and find them to be without merit. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.