■ In the Matter of CYNTHIA BEACHAM, Respondent, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Appellants. [627 NYS2d 358] —Order, Supreme Court New York County (Stuart Cohen, J.), entered November 21, 1991, which set this matter down for a trial pursuant CPLR 7804 (h) to resolve factual issues, unanimously reversed, on the law and the facts, the order and judgment (one paper) of the same court (Nelson H. Cosgrove, J.), entered March 23, 1994, which granted petitioner's petition pursuant to CPLR article 78 and directed the respondents to reinstate the petitioner to her former position as an officer in the New York City Police Department effective as of the date of her termination, February 22, 1991, is reversed accordingly and the respondent's determination, which terminated the petitioner from her position as a probationary police officer is hereby reinstated, without costs.

"It is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law" *(Matter of York v McGuire,* 63 NY2d 760, 761). Judicial review of a determination to discharge a probationary employee is therefore limited to an inquiry as to whether the termination was made in bad faith *(Matter of Johnson v Katz,* 68 NY2d 649, 650). While a hearing may be required where an issue of a substantial nature is raised that the termination was not due to the failure to perform satisfactory service during the probationary period and was due to causes unrelated to work performance *(see, Miciotta v McMickens,* 118 AD2d 489, 491), the petitioner bears the burden of presenting competent proof that the dismissal was for an improper reason or in bad faith *(see, Matter of Anonymous v Codd,* 40 NY2d 860).

Our review of the record, as it was presented to the court which set the matter down for a hearing pursuant to CPLR 7804 (h), demonstrates that the petitioner failed to present evidence warranting a hearing. The record in fact shows that her discharge was not based upon reasons unrelated to her performance or in bad faith. Moreover, we find that it was improper for the hearing court to have considered testimony from the petitioner's unemployment insurance administrative hearing in reaching its decision to order a hearing; the proceedings before the Department of Labor were irrelevant to the proceedings before the Supreme Court (*Gault v Abate,* 210 AD2d 56, *lv denied* 85 NY2d 803; *Thomas v City of New York,* 169 AD2d 496, 498). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Williams, JJ.