■ JAMES K. OBERSON, Appellant, v CITY OF NEW YORK, Respondent. [648 NYS2d 13] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered on or about March 3, 1995, which, *inter alia*, granted defendant City of New York's cross motion for summary judgment dismissing the complaint, and order of the same court and Justice, entered August 3, 1995, which, *inter alia*, denied plaintiff's motion to renew, unanimously affirmed, without costs.

With respect to plaintiff's Civil Service Law § 75-b claim, we agree with the motion court that, as a matter of law, there was no indication that plaintiff's dismissal resulted from his "whistle-blowing" activities (*see, Ioele v Alden Press*, 145 AD2d 29, 34). The lack of temporal coincidence between the protected acts of submitting health and safety complaints (Civil Service Law § 75-b [2] [a]) and the suspension and firing of plaintiff following his stabbing of his supervisor demonstrates that a retaliatory purpose was not involved (*see, Mesnick v General Elec. Co.*, 950 F2d 816, 828, *cert denied* 504 US 985). The fact that plaintiff eventually was acquitted on criminal charges stem-

ming from the altercation does not establish that the discharge was in bad faith (*see, Matter of Brown v Condon*, 186 AD2d 43). Moreover, plaintiff, a provisional employee, had a history of negative work performance ratings.

Plaintiff's remaining contentions are without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.