■ In the Matter of JOHN QUARANTA, Appellant, v MICHAEL P. JACOBSON, as Correction Commissioner of the City of New York, et al., Respondents. [675 NYS2d 4] —Judgment, Supreme

Court, New York County (Edward Lehner, J.), entered August 23, 1996, which, in a proceeding pursuant to CPLR article 78, granted respondents' cross motion to dismiss the petition for lack of subject matter jurisdiction, unanimously affirmed, without costs.

Petitioner, as part of his agreement to plead guilty in New Jersey to unlawful possession of a weapon, consented to forfeit his job as a New York City correction officer. Accordingly, the judgment of conviction subsequently entered upon petitioner's plea ordered him to forfeit his job, and petitioner, in compliance with the plea agreement and judgment, tendered his resignation in a letter addressed to the Department of Correction warden. Since petitioner's cessation of his employment with the Department of Correction was thus accomplished by voluntary resignation, rather than by administrative determination, petitioner's present challenge to the termination of his employment does not implicate any determination by respondent Department of Correction, and in the absence of such a determination to review, this proceeding was properly dismissed for lack of subject matter jurisdiction (*see, Matter of Garcia v New York City Probation Dept.*, 208 AD2d 475).

Nor may petitioner avoid the jurisdictional bar by claiming that his resignation was involuntary. Petitioner is collaterally estopped from advancing such a claim by reason of the circumstance that his conviction was affirmed (*State v Quaranta*, NJ Super Ct, App Div, Aug. 12, 1997, No. A-007426-95T4, *certification denied* 152 NJ 189, 704 A2d 19) on the ground that he had voluntarily entered into the plea agreement requiring his resignation (*see, Meades v Spinnato*, 138 AD2d 579). Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.