*368 In a proceeding pursuant to CPLR article 78 to review a determination of the Hampton Bays Union Free School District, dated June 19, 2001, which terminated the petitioner’s probationary employment as a chorale music teacher, the appeal is from an order of the Supreme Court, Suffolk County (Jones, J.), dated March 15, 2002, which granted the motion of the Hampton Bays Union Free School District pursuant to CPLR 3211 (a) (7) to dismiss the petition for failure to state a cause of action.
Ordered that on the Court’s own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondent.
It is well settled that a probationary employee may be discharged without a hearing and without a statement of reason in the absence of any demonstration that dismissal was for a constitutionally-impermissible purpose or in violation of statutory or decisional law (see Matter of York v McGuire, 63 NY2d 760, 761 [1984]; Matter of Green v Board of Educ. of City Dist. of N.Y., 262 AD2d 411 [1999]). “Judicial review of the determination to discharge a probationary employee is limited to an inquiry as to whether the termination was made in bad faith” (Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]). The petitioner bears the burden of establishing such bad faith or illegal conduct by competent evidence rather than speculation (see Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y., 259 AD2d 623 [1999]; Matter of Amnawah v Board of Educ. of City of N.Y., 266 AD2d 455 [1999]; Matter of Beacham v Brown, 215 AD2d 334 [1995]). The petitioner failed to show that she was terminated in bad faith. Contrary to the petitioner’s contention, evidence in the record supports the conclusion that she was properly notified pursuant to the terms of her collective bargaining agreement that her performance was substandard.
The respondent’s contention that the collective bargaining agreement cannot be read to divest a school district of its statutory power under Education Law § 3012 has been raised for the first time on appeal and, therefore, is not properly before this Court (see Gomez v City of White Plains, 300 AD2d 282 [2002]). Smith, J.P, McGinity, H. Miller and Rivera, JJ., concur.