■ In the Matter of BRAULIO BATISTA, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, Respondent. [791 NYS2d 45]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered February 13, 2004, which granted respondent's cross motion to dismiss the petition brought pursuant to CPLR article 78 to annul respondent's determination terminating petitioner's employment as a probationary police officer, unanimously affirmed, without costs.

Since petitioner has no tenable claim that his dismissal from his probationary position results from bad faith on respondent's part, the motion to dismiss the petition was properly granted (*see Matter of Johnson v Katz*, 68 NY2d 649 [1986]). Indeed, far from demonstrating bad faith, the record discloses that there was a rational basis for the challenged determination. By his own admission, petitioner parked illegally while off duty and tried to use his position to obtain a favor from a traffic enforcement agent. Respondent was entitled to conclude that petitioner exercised poor judgment in escalating the situation (*see Matter of Sierra v McGuire*, 60 NY2d 720 [1983]). Police officers can be held to higher standards than ordinary civil service employees (*see e.g. Matter of Shedlock v Connelie*, 66 AD2d 433, 435 [1979], *affd* 48 NY2d 943 [1979]), and substantial deference is due to the Police Commissioner's disciplinary determinations (*see e.g. Trotta v Ward*, 77 NY2d 827 [1991]). Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Sullivan, JJ.