In the Matter of MICHAEL CIPOLLA, Appellant, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [812 NYS2d 462]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered December 29, 2004, which, without an evidentiary hearing, dismissed this proceeding seeking to annul respondent Commissioner's determination, dated December 17, 2003, terminating petitioner's employment as a police officer, and order, same court and Justice, entered June 21, 2005, which, to the extent appealable, granted petitioner's motion for renewal but adhered to its prior determination, unanimously affirmed, without costs.

At the time of his termination, petitioner was on dismissal probation in accordance with a negotiated resolution of disciplinary charges that had been brought against him. Accordingly, petitioner could be terminated for virtually any reason or for no reason at all, with no right to challenge such termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]). Entitlement to a hearing would require demonstrating a substantial issue of bad faith, arbitrariness or capriciousness on respondents' part (*see Matter of York v McGuire*, 63 NY2d 760 [1984], *affg* 99 AD2d 1023 [1984]; *cf. Matter of Reeves v Golar*, 45 AD2d 163, 165 [1974]), and petitioner has failed to make such a showing. In addition to being on dismissal probation in settlement of prior charges, petitioner was charged with further violations, including submitting false statements to his insurance company regarding his allegedly stolen car. Under these circumstances, petitioner's termination was neither arbitrary nor capricious. The fact that he was about to retire, or that he ultimately settled the criminal charges by pleading to a violation, does not demonstrate his termination was in bad faith (*see Matter of Castro v Safir*, 291 AD2d 212 [2002]; *Oberson v City of New York*, 232 AD2d 172 [1996]). The penalty of termination in this case does not shock the court's conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.