■ In the Matter of CHE LIN TSAO, Respondent, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Appellants. [812 NYS2d 522]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 19, 2004, which granted the petition to the extent of annulling the determination of the Commissioner of the New York City Police Department dismissing petitioner as a probationary police officer and directing respondents to restore him to his position as a police officer with full back pay, benefits and seniority, unanimously reversed, on the law, without costs, respondents' termination of petitioner's employment reinstated, the petition denied and the proceeding dismissed.

Petitioner, as a probationary employee, may be discharged without a hearing, or statement of reasons, for any reason or no reason at all, in the absence of a demonstration that the dismissal was in bad faith, for a constitutionally impermissible reason, or in violation of the law (*Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Welsh v Kerik*, 304 AD2d 417 [2003], *lv denied* 100 NY2d 510 [2003]). While a hearing may be necessary in those instances where an issue of a substantial nature is raised regarding the probationary employee's dismissal (*Matter of Beacham v Brown*, 215 AD2d 334 [1995], *lv denied* 87 NY2d 801 [1995]; *Matter of Miciotta v McMickens*, 118 AD2d 489, 491 [1986]), the burden falls squarely on the petitioner to demonstrate, by competent proof, that a substantial issue of bad faith exists, or that the termination was for an improper or impermissible reason (*Matter of Cipolla v Kelly*, 26 AD3d 171 [2006]; *Matter of Beacham v Brown*, 215 AD2d at 334), and mere speculation, or bald, conclusory allegations are insufficient to shoulder this burden (*Matter of Green v Board of Educ. of City Dist. of N.Y.*, 262 AD2d 411, 412 [1999]; *Matter of Garcia v New York City Probation Dept.*, 208 AD2d 475, 476 [1994]; *Matter of Cortijo v Ward*, 158 AD2d 345 [1990]). Moreover, as the Court of Appeals recently opined, "mere personality conflicts must not be mistaken for unlawful discrimination . . ." (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 309 [2004]).

In this matter, petitioner has failed to present any evidence that his dismissal was due to bad faith or racial animus. Indeed, there are no allegations that petitioner's supervisor used racial epithets or referred to petitioner's race in any manner, and it is clear from the record that petitioner, the only officer assigned to

a certain allegedly undesirable duty on the date in question, had the least seniority among the officers present for the detail. Accordingly, the Commissioner's disciplinary determination to dismiss petitioner, which decision is entitled to substantial deference (*Trotta v Ward*, 77 NY2d 827 [1991]; *Matter of Batista v Kelly*, 16 AD3d 182 [2005]), should be reinstated. Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.