■ In the Matter of STEVE LOREN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [5 NYS3d 53]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered January 24, 2013, granting respondents' cross motion to deny the petition to annul respondents' determination, dated July 31, 2012, which terminated petitioner from the New York City Teaching Fellows training program, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner had only recently been accepted into the training program and was in the midst of a seven-week pre-service training period. Thus, he had no more rights than those of probationary employees, who "may be discharged for any or no reason at all in the absence of a showing that [their] dismissal was in bad faith, for a constitutionally impermissible purpose or in violation of law" (*Matter of Brown v City of New York*, 280 AD2d 368, 370 [1st Dept 2001]).

Here, the record demonstrates that petitioner did not have a cause of action as the evidence submitted with the petition and cross motion established that during the pre-service training period, several complaints had been made about petitioner's performance, resulting in the issuance of a performance concern letter. The complaints indicated that petitioner had been admonished multiple times for using his cell phone in the classroom and improperly leaving the classroom when students were present. He was also directed by a supervisor to refrain from contacting another teacher who had expressed concerns about how he had previously spoken to her. Under these circumstances, where there is evidence of multiple instances of unsatisfactory performance during a short seven-week period, the discharge was made in good faith (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.