Matter of Leka v New York City Law Dept. (2018 NY Slip Op 02549)





Matter of Leka v New York City Law Dept.


2018 NY Slip Op 02549


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6261 102213/15

[*1]In re Jocelyn Leka, Petitioner-Appellant,
v
The New York City Law Department, et al., Respondents-Respondents.


Law Offices of Richard J. Washington, P.C., New York (Richard J. Washington of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondents.



Judgment, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about October 6, 2016, granting respondents' cross motion to dismiss the petition to annul the determination, which terminated petitioner's probationary employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
A probationary employee may be terminated without a hearing, for any reason or no reason at all, as long as the dismissal is not unlawful or in bad faith (see Matter of Che Lin Tsao v Kelly, 28 AD3d 320 [1st Dept 2006]). Here, petitioner makes only conclusory assertions, and offers no evidence to show, that her termination was for an illegal reason, discriminatory or in bad faith. Indeed, the record demonstrates that the determination was based on petitioner's performance evaluation and an overall restructuring of respondents' department. To the extent petitioner alleges irregularities in the performance review process, such, without more, does not constitute bad faith or deprivation of a substantial right (see Matter of Francois v Walcott, 136 AD3d 434 [1st Dept 2016]). In fact, the record shows that petitioner was provided with a thorough performance evaluation, which contained both positive comments regarding her performance as well as specific areas for improvement. While petitioner also alleges that respondent hired a male to fill a substantially similar position after her termination, that fact, even if accurate, in and of itself does not raise an inference of discrimination (see e.g. Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK