Matter of DePamphilis v O'Neill (2020 NY Slip Op 00534)





Matter of DePamphilis v O'Neill


2020 NY Slip Op 00534


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10887 100604/18

[*1]Richard DePamphilis, Petitioner-Appellant,
v
James P. O'Neill, as Police Commissioner of the City of New York, et al., Respondents-Respondents.


London & Worth, LLP, New York (Howard B. Sterinbach of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered January 24, 2019, denying the petition to annul respondents' determination, dated February 1, 2018, which denied petitioner's application for reinstatement to respondent New York City Police Department (NYPD), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner pleaded guilty on March 12, 2010 to offering a false instrument for filing in the second degree (Penal Law § 175.30). Because it involves willful deceit, this offense constitutes a violation of the oath of office, and, pursuant to Public Officers Law § 30, petitioner's office was vacated
automatically upon his conviction (see Matter of Depamphilis v Kelly, 107 AD3d 611 [1st Dept 2013]). Although his conviction was vacated on September 29, 2017, petitioner did not automatically regain the right to serve as a New York City police officer (Public Officers Law § 30[1][e]). There is no right to reinstatement; the decision to reinstate is within the sole discretion of the Commissioner (see Matter of Hayes v Nigro, 165 AD3d 1134, 1135 [2d Dept 2018]).
Respondent Commissioner's approval of the recommendation of the Assistant Deputy Commissioner of Trials (ADCT) that petitioner's application for reinstatement be denied has a rational basis in the record (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]). Notwithstanding the vacatur of petitioner's plea, the ADCT separately found that the hearing record established that petitioner "engaged in conduct that was so egregious as to militate against his reinstatement."
Petitioner's reliance on Administrative Code of City of NY § 13-256.1 is misplaced, as that section was not yet in effect when petitioner's employment with NYPD was terminated.
Contrary to petitioner's argument, the hearing officer considered his sympathetic circumstances, including his good work and his financial hardship, but concluded that these factors did not overcome the severity of his misconduct, i.e., an oath of office offense (compare e.g. Matter of Vecchio v Kelly, 94 AD3d 545, 546 [1st Dept 2012] [matter remanded for determination of new penalty, where police officer's taking of nude photos of an arrestee and rape victim, though "unseemly," was aberration from otherwise exemplary career, and termination would work extreme hardship on family], lv denied 20 NY3d 855 [2013]; Matter of McDougall v Scoppetta, 76 AD3d 338 [2d Dept 2010] [remanding for lesser penalty, where firefighter with otherwise unblemished career tested positive, once, for cocaine; penalty of loss of pension and retirement benefits shocked sense of fairness], appeal withdrawn 17 NY3d 902 [2011]).
Petitioner's argument that the Commissioner should be equitably estopped to deny his [*2]reinstatement is unavailing (compare Matter of Sicignano v Cassano, 43 Misc 3d 1229[A], 2014 NY Slip OP 50730[U] [Sup Ct, Kings County 2014]). In Sicignano, a firefighter with post-traumatic stress disorder facing disciplinary charges after being found to have used cocaine was restored to full duty and, while out on a call, sustained injuries for which he likely would have been awarded a disability retirement pension. The court ruled that he justifiably relied on the fire department medical office's determination of his duty status, and that to deprive him of pension rights for a disability resulting from his performance while on full duty status would be manifestly unjust. In the instant matter, there are no analogous circumstances mitigating against the denial of reinstatement.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK