Matter of Ahmed v O'Neill (2021 NY Slip Op 05620)





Matter of Ahmed v O'Neill


2021 NY Slip Op 05620


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 100202/19 Appeal No. 14365 Case No. 2020-01018 

[*1]In the Matter of Police Officer Zeeshan Ahmed, Petitioner-Appellant,
v
James P. O'Neill, as Police Commissioner of the City of New York, et al., Respondents-Respondents.


Law Office of John A. Scola PLLC, New York (John A. Scola of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered August 27, 2019, which granted respondents' cross motion to deny the petition seeking to annul their October 24, 2018 determination to summarily dismiss petitioner from the police force during his dismissal probation period, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
It is well settled that "[a] probationary employee may be terminated without a hearing for any reason or no reason at all, as long as the dismissal was not unlawful or in bad faith" (Matter of Verma v Department of Educ. of the City of N.Y., 192 AD3d 616, 616 [1st Dept 2021]; see Matter of Mendez v New York City Dept. of Educ., 28 NY3d 993, 994 [2016]; Matter of York v McGuire, 63 NY2d 760, 761 [1984]). This standard applies where, as here, a police officer has been placed "on dismissal probation in accordance with a negotiated resolution of disciplinary charges" (Matter of Cipolla v Kelly, 26 AD3d 171, 171 [1st Dept 2006]).
The petitioner failed to demonstrate bad faith, because the record contains uncontroverted evidence of petitioner's admitted misconduct, which resulted in his being put on dismissal probation, as well as new disciplinary charges that were brought during the probationary period (see id.; Matter of Cohen v Koehler, 82 NY2d 882, 884 [1993]; Matter of Loren v New York City Dept. of Educ., 126 AD3d 419, 419 [1st Dept 2015]). That some of the new charges concerned alleged misconduct predating the period of dismissal probation is of no moment (see e.g. Matter of Garrett v Safir, 253 AD2d 700, 700 [1st Dept 1998], lv denied 92 NY2d 817 [1998]). Further, the fact that petitioner's application for disability retirement, which he submitted before pleading guilty to the initial disciplinary charges, was later recommended for approval, "does not demonstrate his termination was in bad faith" (Matter of Cipolla, 26 AD3d at 171).
Even assuming that the "shock the conscience" standard applies to probationary terminations, the termination here does not shock the conscience (see id.; see also Matter of Arroyo v O'Neill, 35 NY3d 1030, 1031 [2020], revg 175 AD3d 1150, 1151-1152 [1st Dept 2019]). Finally, contrary to petitioner's contention, equitable estoppel does not apply here, as the negotiated settlement placed him on notice that he could be dismissed at any time during the probationary period (Administrative Code of City of NY § 14-115[d]; see Matter of DePamphilis v O'Neill, 179 AD3d 589, 590 [1st Dept 2020]; Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021