Matter of Foley v O'Neill (2021 NY Slip Op 07511)





Matter of Foley v O'Neill


2021 NY Slip Op 07511


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 154811/19 Appeal No. 14918 Case No. 2020-04981 

[*1]In the Matter of Sergeant Matthew Foley, etc., Petitioner-Appellant,
v
James O'Neill, etc., et al., Respondents-Respondents.


Lynn Gartner Dunne, LLP, Mineola (Christopher A. Renke of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered July 10, 2020, denying the petition to annul the determination of respondents James O'Neill, as Police Commissioner of the City of New York, The Police Department of the City of New York, and The City of New York (collectively, NYPD), dated February 6, 2019, which terminated petitioner's employment as an NYPD police officer, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
"Petitioner, as a probationary employee, may be discharged without a hearing, or statement of reasons, for any reason or no reason at all, in the absence of a demonstration that the dismissal was in bad faith, for a constitutionally impermissible reason, or in violation of the law" (Matter of Che Lin Tsao v Kelly, 28 AD3d 320, 321 [1st Dept 2006]). Petitioner failed to meet his burden that the NYPD acted in bad faith by terminating him after an extensive investigation into his avoidance of a mandated breath test (see Matter of Swinton v Safir, 93 NY2d 758, 762-763 [1999]; Matter of Lomando v Kelly, 33 AD3d 510, 511 [1st Dept 2006]).
The NYPD Police Commissioner has authority under Administrative Code of City of NY § 14-115(d) to "impose punishment at any time" during an employee's dismissal probationary period (see Matter of Wilson v Bratton, 266 AD2d 140, 141-142 [1st Dept 1999]). Given petitioner's probationary status, and other reasons for termination in addition to the breach of the breath-test provision, i.e., violation of a sick-leave policy, failure to obey a lawful order, and lying about what time he called in, there was a good-faith basis for termination (see Swinton, 93 NY2d at 761-763). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021