Matter of Ryan v City of New York (2023 NY Slip Op 00966)

Matter of Ryan v City of New York

2023 NY Slip Op 00966

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 159251/21 Appeal No. 17365 Case No. 2022-04675 

[*1]In the Matter of Timothy Ryan, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.

Law Office of John A. Scola, PLLC, New York (John Scola of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Carol Edmead, J.), entered on or about April 4, 2022, which denied the petition to annul respondents' determination, dated June 12, 2021, terminating petitioner's employment as a police officer, granted respondents' cross motion to dismiss the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
At the time the charges resulting in petitioner's termination were brought, petitioner was on dismissal probation pursuant to a negotiated settlement agreement which resolved prior disciplinary charges brought against him. While on dismissal probation, petitioner may be terminated without a hearing for any reason or no reason at all, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason (see Matter of Cipolla v Kelly, 26 AD3d 171, 171 [1st Dept 2006]). Here, petitioner failed to meet his burden of demonstrating that his termination was in bad faith (see Matter of Che Lin Tsao v Kelly, 28 AD3d 320, 321 [1st Dept 2006]). Rather, his admissions that he shouted a profanity at a superior officer when she ordered him to report to the NYPD Medical Division and failed to attempt to comply with the lawful order, demonstrated a good faith and rational basis for his termination, entitling respondents' determination to "substantial deference" (Matter of Batista v Kelly, 16 AD3d 182 [1st Dept 2005]). Petitioner's speculative and conclusory allegations of improper motives behind the superior officer's order were insufficient to raise a substantial issue of bad faith (see Che Lin Tsao, 28 AD3d at 321). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023