| **Vijungco v Metropolitan Transp. Auth.** |
|:---:|
| 2024 NY Slip Op 31023(U) |
| March 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158756/2023 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. DENISE M DOMINGUEZ        PART              35M

*Justice*

-----------------------------------------------------------------X

JUSTIN VIJUNGCO

                       Petitioner

                  - v -

METROPOLITAN TRANSPORTATION AUTHORITY,

                       Respondent

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158756/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on this motion to/for           ARTICLE 78 (BODY OR OFFICER)    .

For the reasons that follow, this Petition pursuant to CPLR Art. 78, seeking to annul and rescind Petitioner JUSTIN VIJUNGCO's voluntary resignation as a probationary police officer with Respondent METROPOLITAN TRANSPORTATION AUTHORITY (MTA) is denied.

## *Background*

Petitioner was hired by Respondent's Police Department (MTAPD) in July 2022. He graduated the Police Academy in January 2023, at which time Petitioner became a MTAPD Probationary Police Officer. The probationary period would be for one year. During Petitioner's first three months of his probationary period, he was unsuccessful in Phase 2 of field training, Phase 3 of field training, and in a third subsequent Remedial Phase.

*Phase 2 of Field Training*

Based on Petitioner's evaluation of Phase 2, Petitioner's performance was found to be "unusual" compared to over 800 other officers previously instructed by the evaluating officer. Specifically, the officer found that Petitioner had "difficulty understanding the appropriate use of force

[* 1]

in several scenarios and was apparently terrified to speak to the simulator in several stressful scenarios and did discharge his weapon at inappropriate times."

Based on the written evaluation, dated March 3, 2023, and signed by Petitioner, his performance was found to be "unacceptable" and "generally did not meet performance expectations" and it was recommended that "the recruit be failed for this segment of training."

The evaluation further noted that while Petitioner showed signs of progress in some aspects, and had the drive to learn, he "appeared to have difficulty retaining information given to him... needed to be reminded and/or instructed multiple times to correct his actions on what would reasonably be considered basic tasks in the course of his duties, some of which were related to officer safety."

*Phase 3 of Field Training*

Petitioner then proceeded to Phase 3. Upon completing Phase 3, a written review evaluation summary, dated April 1, 2023, noted again that Petitioner's performance was "unacceptable", and "generally did not meet performance expectations" and it was recommended that "the recruit be failed for this segment of training." It was specifically noted that while Petitioner appeared professional and eager to learn, he "needs improvement on safety tactics and report writing" and to "familiarize himself with the daily functions of a police officer and improve social skills when interacting with the public." A separate end of Phase Evaluation Summary, dated April 1, 2023, was prepared and again signed by Petitioner, recommending that at this point, Petitioner receive a remedial extension training.

*Remedial Training*

The Remedial Phase included another simulator training session on April 21, 2023. An evaluation noted that Petitioner had "difficulty comprehending the instructions he was given" had "difficulty explaining his conduct" and "...exhibited an inability to understand the dynamic and fluid nature of decision making that police work requires."

**158756/2023  VIJUNGCO, JUSTIN vs. METROPOLITAN TRANSPORTATION AUTHORITY**  **Page 2 of 5**
**Motion No. 001**

[* 2]

2 of 5

Following the Remedial Phase, a Review Evaluation Summary dated April 22, 2023 and signed by Petitioner, noted that Petitioner had improved in the administrative functions of becoming a police officer and a strong dedication to completing summonses and reports in a timely manner. However, it was also noted that during busy times, Petitioner became uncomfortable and needed to improve his calm demeanor and command voice. It was also noted that Petitioner needed to improve communicating with subjects during stops and to "make appropriate decisions and maintain officer safety." Notably, the reviewing sergeant specifically indicated that "[a]s a patrol supervisor, [he did] not believe Officer Vijungco is confident enough at this time to be able to solo patrol which is a necessary function of the MTA Police Department." Petitioner's evaluation was again signed by Petitioner and found to be "unacceptable."

*Resignation*

By memo dated April 27, 2023, a summary of Petitioner's probationary period was submitted to a Chief of Police. Based upon negative daily observation reports, evaluations and emails, the MTAPD concluded that Petitioner's performance did not meet expected levels.

On May 8, 2023, Petitioner resigned. The letter states "[p]lease accept this letter as my formal notice of resignation from Probationary Police Officer with the MTA Police Department, effective today May 8, 2023."

About a week later, on May 15, 2023, Petitioner submitted a letter via email to the MTAPD Human Resources Department. Therein he asked to "appeal the decision made to me to voluntary resign." In the letter Petitioner acknowledges that he was advised during an in-person meeting with Captain Pisanelli and Lieutenant Echevarria that as he did not pass field-training he would be terminated or alternatively, he could resign and return in the future. Petitioner further acknowledges that as he wanted the opportunity to return, he voluntarily resigned. By email correspondence dated May 18, 2023, MTAPD advised Petitioner that he would not be reinstated as a probationary officer.

**158756/2023 VIJUNGCO, JUSTIN vs. METROPOLITAN TRANSPORTATION AUTHORITY**
**Motion No. 001**

**Page 3 of 5**

3 of 5

[* 3]

Petitioner now moves pursuant to Article 78 to 1) annul and rescind his resignation as a probationary police officer with the MTA and 2) be reinstated as a probationary police officer. Specifically, the Petition alleges that "[t]he determination to force [Petitioner] to resign in lieu of being terminated was arbitrary, capricious, in bad faith, and an abuse of discretion.

### *Discussion*

Pursuant to CPLR §78, judicial review by this Court is limited to whether there was a rational basis for an administrative agency's determination, whether the determination was arbitrary and capricious, or whether there was an abuse of discretion (*see CPLR 78; Pell v. Bd. of Ed. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester Cnty.*, 34 NY2d 222 [1974]; *Gilman v N.Y. State Div. of Hous. & Community Renewal*, 99 NY2d 144 [2002]; *Gaines v. New York State Div. of Hous. & Cmty. Renewal*, 90 NY2d 545 [1997]). Further, this Court must conduct the limited assessment without disturbing the agency's underlying factual determinations (see *Heintz v. Brown*, 80 NY2d 998 [1992]).

Upon review of the submitted evidence, this Court first finds that Petitioner's resignation was voluntary and thus CPLR 78 is not applicable here (*see Stefandel v. Sielaff*, 176 AD2d 651 [1st Dept 1991]; *see e.g. Garcia v. New York City Prob. Dep't*, 208 AD2d 475 [1st Dept 1994]; *Quaranta v. Jacobson*, 250 AD2d 544 [1st Dept 1998]). Here after Petitioner did not pass phase 2, phase 3, and a remedial phase, Respondent informed Petitioner that he would be terminated or in the alternative Petitioner could resign. When given this choice Petitioner then freely and voluntarily prepared and send his resignation letter to Respondent. Moreover, Petitioner by his own admission admits choosing to resign because he wanted the opportunity to return.

In addition, even if Petitioner's resignation was not deemed voluntary and CPLR 78 applied, this Court nonetheless would find that Respondent showed a rational basis for finding Petitioner's performance did not meet its standards and would further find the Petitioner's unsatisfactory

**158756/2023 VIJUNGCO, JUSTIN vs. METROPOLITAN TRANSPORTATION AUTHORITY**
Motion No. 001

**Page 4 of 5**

[* 4]

4 of 5

evaluations were not arbitrary, in bad faith or discriminatory. Here Respondent relied upon multiple reports and evaluations documenting Petitioner's progress and shortfalls during simulated field trainings and comparing it to other recruits to conclude that Petitioner's performance did not meet the expected levels for the necessary decision making and officer safety actions required of police work. Notably, after Petitioner was found unsuccessful in phases 2 and 3, he was given a third opportunity with a remedial field training phase which he also did not pass. Further, after every phase, Petitioner received and signed an evaluation with the reasons for his failure. Thus, Respondent's evaluations were not unfounded, irrational, arbitrary nor ethically discriminatory. Rather, Respondent's failing evaluations were based on important findings such as Petitioner discharging his weapon at inappropriate times and Respondent's genuine concern that Petitioner was not ready to make proper decisions regarding his safety as a police officer if working alone and the safety of others.

Accordingly, since Petitioner has not submitted any evidence for this Court to find or properly infer that Petitioner's resignation was coerced, or that Respondent's evaluations were irrational, it is hereby ORDERED that the Petition is denied and the proceeding is dismissed

| 3/06/2024 | | | | | |
| DATE | | | | DENISE M DOMINGUEZ, J.S.C. | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158756/2023  VIJUNGCO, JUSTIN vs. METROPOLITAN TRANSPORTATION AUTHORITY**          Page 5 of 5
**Motion No. 001**