| Hart v Shea |
|:---:|
| 2024 NY Slip Op 30764(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152870/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**

*Justice*

------------------------------------------------------------------------------X

MALCOLM HART,

Petitioner,

- v -

DERMOT F. SHEA, THE NEW YORK CITY POLICE
DEPARTMENT, THE CITY OF NEW YORK

Respondents.

------------------------------------------------------------------------------X

| PART | 14 |
|---|---|

| INDEX NO. | 152870/2022 |
|---|---|
| MOTION DATE | 03/04/2024[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for                ARTICLE 78                .

The petition to reinstate petitioner as a police officer for the NYPD is denied.

**Background**

Petitioner began working for the NYPD in 2009. He admits he was first placed on "dismissal probation" in 2017 but argues that it expired on July 13, 2018.  Petitioner then alleges that he was placed on this type of probation again in June 2019 and that it expired on June 13, 2020.

He explains that on October 13, 2021, he was on patrol in Brooklyn when he pursued a vehicle that was reported stolen; he contends that one of the individuals was taken into custody without incident. However, petitioner argues that the driver refused to cooperate and petitioner was compelled to use physical force to apprehend the driver. Petitioner alleges that he was

---

[1] Although this proceeding was only assigned to the undersigned on March 4, 2024, the Court recognizes that this proceeding was pending before different judges over the last few years.  The Court apologizes on behalf of the court system for the lengthy delay in the resolution of this proceeding.

**152870/2022   HART, MALCOLM vs. SHEA, DERMOT F. ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

served with charges regarding this incident on October 20, 2021 and that he was subsequently fired by the NYPD commissioner. Petitioner contends that at the time of his termination, he was no longer subject to dismissal probation and therefore he was entitled to a hearing concerning his charges.

Respondents offer a different view of the aforementioned events. They observe that petitioner previously received disciplinary charges in two separate cases. The first case involved multiple incidents and charges, including reporting late four times and driving a motor vehicle in a reckless manner on three separate occasions. Respondents contend that petitioner drove above the speed limit, ran several red lights and stop signs, and ignored another officer's order to stop and pull over. The second case involved a single incident wherein he was charged with attempting to fight an on-duty supervisor. He received a hearing for both cases and received penalties, both of which included dismissal probation.

With respect to the incident that led to petitioner's termination, respondents contend that petitioner used excessive force while apprehending the driver of the purportedly stolen vehicle. Specifically, the charges alleged that he struck the driver eight times in the head with his firearm after first telling a supervisor that he only used his fist. The driver needed four staples in his head for his injuries. Respondents argue that their Chief of Risk Management recommended that petitioner be fired based on his extensive disciplinary record and this incident.

Respondents argue that petitioner was still on dismissal probation because the one-year period only begins to run once an officer is returned to full duty assignment. They insist that modified assignments, suspensions, vacations, restricted duty, or sick days do not count towards satisfying the probationary period. Respondents maintain that the first period started on July 13, 2017 but did not run out until February 24, 2021. They explain that petitioner was on modified

**152870/2022   HART, MALCOLM vs. SHEA, DERMOT F. ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

assignment and restricted duty for 953 days and took six vacation days during this time period. Respondents argue that petitioner was still serving his second year of dismissal probation period when he was dismissed in December 2021 and therefore a hearing was not necessary.

In reply, petitioner contends that he does not dispute that termination is authorized during the probationary period. He argues that while he was on restricted or modified duty, he was still performing law enforcement duties and so his probationary period should have run during this period. Petitioner maintains that respondents do not have the authority to arbitrarily stop this period.

**Discussion**

In an article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

While on dismissal probation, a police officer "could be terminated for virtually any reason or for no reason at all, with no right to challenge such termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason" (*Cipolla v Kelly*, 26 AD3d 171, 812 NYS2d 462 [1st Dept 2006]).

In the NYPD's disciplinary system, dismissal probation is defined as:

"Dismissal Probation – When a member of the service is placed on Dismissal Probation as part of a disciplinary penalty, the member is dismissed from the Police

**152870/2022   HART, MALCOLM vs. SHEA, DERMOT F. ET AL**
  **Motion No.  001**

**Page 3 of 5**

Department, and he or she acknowledges the dismissal in writing. The Department delays the imposition of the dismissal for a 1-year period, during which the member must complete 1 year of full-duty status in order to complete the probationary period. If there is further misconduct during the probationary period, the Department may summarily dismiss the member of the service without a formal hearing, including for offenses that would not ordinarily result in termination for a member not on Dismissal Probation" (NYSCEF Doc. No. 34 at 13).

Based on this provision, petitioner had to complete one year of full duty status (*id*.).

In this proceeding, the Court must first consider whether or not petitioner was still on dismissal probation when he was terminated. As best this Court can tell, petitioner does not dispute that he was assigned to modified or restricted duty following his previous disciplinary hearings or contest respondents' calculation of his work assignment. Respondents included a dismissal probation worksheet in their papers (NYSCEF Doc. No. 36). Petitioner's reply does not, for instance, offer his own calculation of the relevant time periods or offer specific rebuttals about this worksheet. Put another way, petitioner did not contend that respondents miscalculated the time he was on full duty status.

Instead, petitioner appears to argue that respondents have no right to define what service "counts" with respect to completing a probationary period. However, petitioner cites no binding or applicable caselaw for the proposition that the NYPD is barred from establishing its own disciplinary procedures. Petitioner's citation in reply to provisions of the Administrative Code concerning police discipline does not evidence a basis upon which this Court can grant the petition. To the extent that petitioner is alleging some sort of facial or as-applied challenge to the NYPD Disciplinary Guide, that argument is denied as it cannot be raised for the first time in reply.

Petitioner failed to meet his burden to show that respondents' calculation of his dismissal probation was improper. Nor did he establish that his firing was in bad faith. The letter from

**152870/2022   HART, MALCOLM vs. SHEA, DERMOT F. ET AL**
**Motion No.  001**

**Page 4 of 5**

4 of 5

[* 4]

Chief of Risk Management (NYSCEF Doc. No. 43), establishes a good faith basis for firing

petitioner—namely that petitioner "displayed a pattern unbecoming of a police officer."

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or

disbursements.

| **3/11/2024** | | |
|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | **X** | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152870/2022   HART, MALCOLM vs. SHEA, DERMOT F. ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5