Matter of Vijungco v Metropolitan Transp. Auth. (2025 NY Slip Op 00495)

Matter of Vijungco v Metropolitan Transp. Auth.

2025 NY Slip Op 00495

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 158756/23 Appeal No. 3604 Case No. 2024-02818 

[*1]In the Matter of Justin Vijungco, Petitioner-Appellant,
v
Metropolitan Transportation Authority, Respondent-Respondent.

Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Metropolitan Transportation Authority Law Department, New York (Brian Confino of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Denise M. Dominguez, J.), entered April 2, 2024, denying the petition to annul and rescind petitioner's resignation as a probationary police officer effective May 8, 2023, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court correctly concluded that it lacked subject matter jurisdiction under CPLR article 78 because the termination of petitioner's employment was accomplished by voluntary resignation rather than an administrative determination (see Matter of Quaranta v Jacobson, 250 AD2d 544, 545 [1st Dept 1998]; Matter of Garcia v New York City Probation Dept., 208 AD2d 475, 476 [1st Dept 1994]). The record reflects that petitioner's resignation as a probationary police officer with respondent Metropolitan Transportation Authority (MTA) was voluntary based on his desire to improve his chances of reinstatement in the future.
Even assuming petitioner's resignation was not voluntary, he failed to present evidence showing that termination of his employment by MTA was arbitrary and capricious, an abuse of discretion, in bad faith, or violative of law and procedure (see James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown, 37 NY2d 891, 892 [1975]). Mere speculation or bald or conclusory allegations of bad faith, as were asserted here, are insufficient to meet petitioner's burden of proof (see Matter of Che Lin Tsao v Kelly, 28 AD3d 320, 321 [1st Dept 2006]), and evidence in the record supported the conclusion that his performance was rated unacceptable multiple times, which established that the discharge was made in good faith (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]). Petitioner's performance in phases 2 and 3, and the remedial training phase was found below expectations and unacceptable by different Field Training Officers.
Petitioner's claim of bias based on his ethnicity is similarly unsupported by evidence in the record (see James v National Arts Club, 99 AD3d 523, 525-526 [1st Dept 2012], lv dismissed 21 NY3d 886 [2013]). Petitioner failed to present anything that indicated his termination was based on his ethnicity or bias by the Field Training Officers who rated his performance.
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025